E-FILED
Wednesday, 18 May, 2005  02:39:57 PM
Clerk, U.S. District Court, ILCD

United States District Court
Central District of Illinois
Urbana Division

## ORDER OF DETENTION PENDING TRIAL

**United States of America**                           **Case Number:** 05-M-7216

v.

**KEVIN D. TUCKER**

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

### PART I - FINDINGS OF FACT

☐ (1) The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has been convicted of a (federal offense) (state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed) that is:
  ☐ a crime of violence as defined in 18 U.S.C. § 3156(a)(4).
  ☐ an offense for which the maximum sentence is life imprisonment or death.
  ☐ an offense for which the maximum term of imprisonment of ten years or more is prescribed in _____.
  ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1)(A)-(C), or comparable state or local offenses.

☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.

☐ (3) A period of not more than five years has elapsed since the (date of conviction) (release of the defendant from imprisonment) for the offense described in finding (1).

☐ (4) Finding Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an)other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### ALTERNATE FINDINGS (A)

☐ (1) There is probable cause to believe that the defendant has committed an offense:

  ☐  for which a maximum term of imprisonment of ten years or more is prescribed in _____.
  ☐  under 18 U.S.C. § 924(c).

☐ (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

## ALTERNATE FINDINGS (B)

☐ (1) There is a serious risk that the defendant will not appear.
**X** (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

### PART II - Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes by clear and convincing evidence that:

Mr. Tucker presents a very clear danger to the community. He is a person previously convicted of a crime of violence, Armed Robbery, for which he was sentenced to ten years in the Illinois Department of Corrections. One of the tendered third-party custodians, Angela Mitchell, obtained an order of protection against the Defendant on December 5, 2003. While we do not know the nature of the conduct, it is clear that Ms. Mitchell's testimony persuaded the Court that its intervention was necessary to protect Ms. Mitchell. The Affidavit in support of the Criminal Complaint further clarifies the picture of Mr. Tucker as a danger to the community. When removed from a social gathering, he returned brandishing a weapon. He still had that loaded weapon on his person when apprehended by the police. Clearly, this is an individual who has committed a crime of violence and is clearly inclined to resort to violence or threats of violence when things do not go his way. The Court does not believe that any combination of conditions, including those recommended by Defendant, will reasonably address the risk he poses.

### PART III - Directions Regarding Detention

**The defendant is committed to the custody of the United States Marshal or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentence or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.**

ENTER this 18th day of May, 2005.

                s/ DAVID G. BERNTHAL
                U.S. MAGISTRATE JUDGE